**08 CV 01722**

Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

GRAMERCY ARGENTINA OPPORTUNITY FUND,
LTD. and GRAMERCY EMERGING MARKETS
FUND,

                      Plaintiffs,

    -against-

THE REPUBLIC OF ARGENTINA,

                      Defendant.

------------------------------------------------------------ x

08 CV

**COMPLAINT**

[Stamp: RECEIVED FEB 21 2008 U.S.D.C. S.D.N.Y. CASHIER]

Gramercy Argentina Opportunity Fund, Ltd. ("GAOF") and Gramercy Emerging Markets Fund ("GEMF," collectively, "Plaintiffs"), by their attorneys, Hughes Hubbard & Reed LLP, for their Complaint allege as follows:

### Nature of Action

1.     This is an action for breach of contract seeking over 15 million Euros (approximately $23 million) on one series of notes and approximately 30 billion Italian Lire (approximately $22 million) on another series of notes in principal, plus interest, owed under certain notes issued by defendant the Republic of Argentina (the "Republic"). The case is

simple: (i) Plaintiffs are the beneficial owners of the notes; (ii) the Republic has failed to make any payments of principal or interest on those notes; (iii) this failure constitutes a default under the governing instruments; and (iv) Plaintiffs sent letters declaring the entire principal, together with all unpaid accrued interest, immediately due and payable by reason of the default. Indeed, this Court has repeatedly entered judgment against the Republic for defaulting on debt held by other beneficial owners in circumstances identical to those here. *See, e.g., Franceschi v. Republic of Argentina*, No. 03 Civ. 4693, 2006 WL 2528460 (S.D.N.Y. Aug. 31, 2006); *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Judgment should be similarly entered against the Republic and in favor of Plaintiffs in this case.

### The Parties

2. Plaintiff GAOF is a limited company organized and existing under the laws of the Cayman Islands with a principal place of business in the Cayman Islands.

3. Plaintiff GEMF is a limited company organized and existing under the laws of the Cayman Islands with a principal place of business in the Cayman Islands.

4. Defendant the Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

### Jurisdiction

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

6. Venue is proper in this district by consent of the defendant and pursuant to 28 U.S.C. § 1391(f).

### The EMTN Notes

7. GAOF is the beneficial owner of certain notes (the "GAOF Notes"), all issued by the Republic pursuant to the Trust Deed dated as of July 27, 1993 (the "Trust Deed"), the Terms and Conditions of the Notes dated as of July 27, 1993 (the "Terms"), and pricing supplements, as

part of the Republic's Euro Medium-Term Note Programme (the "EMTN Programme"), in the following amounts and having the following identification codes, maturity dates, and interest rates:

| Plaintiff | Bond Description | Principal Amount | ISIN | Common Code | Maturity Date | Coupon |
|---|---|---|---|---|---|---|
| GAOF | Euro Notes | EUR6,575,000 | XS0124528703 | 12452870 | February 22, 2007 | 10% |
| GAOF | Lira Notes | ITL6,740,000,000 | XS0076397248 | 7639724 | May 27, 2004 | Floating |

8.   GEMF is the beneficial owner of certain notes (the "GEMF Notes," collectively with the GAOF Notes, the "EMTN Notes"), all issued by the Republic pursuant to the Trust Deed, the Terms, and pricing supplements, as part of the EMTN Programme, in the following amounts and having the following identification codes, maturity dates, and interest rates:

| Plaintiff | Bond Description | Principal Amount | ISIN | Common Code | Maturity Date | Coupon |
|---|---|---|---|---|---|---|
| GEMF | Euro Notes | EUR8,858,000 | XS0124528703 | 12452870 | February 22, 2007 | 10% |
| GEMF | Lira Notes | ITL22,850,000,000 | XS0076397248 | 7639724 | May 27, 2004 | Floating |

9. Section 10 of the Terms defines "Events of Default" to include the following, *inter alia*:

    (a)    *Non-Payment:* the Republic fails to pay any principal (or Amortised Face Amount) of any of the Notes when due and payable or fails to pay any interest on any of the Notes when due and payable and such failure continues for a period of 30 days.

(Terms at p. 46.)

60225954_1.DOC

10. The Republic has failed to pay interest on the EMTN Notes since 2001 and has never made any payments of principal on the EMTN Notes, even though the maturity dates have passed.

11. By reason of the foregoing, there has been an Event of Default on the EMTN Notes, and the Republic is in breach of its obligations to GAOF and GEMF. This default is continuing.

12. By notice dated May 29, 2007, The Bank of New York, the trustee with respect to the EMTN Notes, advised that such notes had been "declared immediately due and payable by the [t]rustee or its predecessors." The Bank of New York also advised, however, that it "does not intend to take any action against the Republic to enforce the terms of the Trust Deed, the [EMTN] Notes and the Coupons" even though "[t]he Republic has shown no intention of honouring the demands for payment made by the [t]rustee and its predecessors...."

13. By letters to The Bank of New York, as the trustee with respect to the EMTN Notes, dated February 21, 2008, GAOF and GEMF declared the principal of the EMTN Notes to be due and payable immediately, and any applicable interest to be immediately payable as well, and demanded that The Bank of New York commence proceedings against the Republic.

14. Upon information and belief, the Bank of New York has not commenced proceedings against the Republic.

15. Pursuant to sections 17.2-17.4 of the Trust Deed, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

16. By reason of the foregoing, the Republic has breached its contractual obligations to GAOF and GEMF and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT ONE
### Default On The GAOF Euro Notes

17. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-16 as if set forth here at length.

18. As set forth above, GAOF acquired notes (the "GAOF Euro Notes") with the principal amount of EUR6,575,000, identified by ISIN XS0124528703 and Common Code 12452870, and continues to own those notes.

19. As set forth above, the Republic has failed to make payments of interest on the GAOF Euro Notes since 2001 and has never made payments of principal on the GAOF Euro Notes.

20. As set forth above, there has been an Event of Default on the GAOF Euro Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

21. As set forth above, by letter dated February 21, 2008, GAOF notified the Trustee that it was declaring the principal and interest on the GAOF Euro Notes to be due and payable immediately.

22. By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT TWO
### Default On The GEMF Euro Notes

23. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-16 as if set forth here at length.

24. As set forth above, GEMF acquired notes (the "GEMF Euro Notes") with the principal amount of EUR8,858,000, identified by ISIN XS0124528703 and Common Code 12452870, and continues to own those notes.

25. As set forth above, the Republic has failed to make payments of interest on the GEMF Euro Notes since 2001 and has never made payments of principal on the GEMF Euro Notes.

26. As set forth above, there has been an Event of Default on the GEMF Euro Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

27. As set forth above, by letter dated February 21, 2008, GEMF notified the Trustee that it was declaring the principal and interest on the GEMF Euro Notes to be due and payable immediately.

28. By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

### COUNT THREE
### Default On The GAOF Lira Notes

29. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-16 as if set forth here at length.

30. As set forth above, GAOF acquired notes (the "GAOF Lira Notes") with the principal amount of ITL6,740,000,000, identified by ISIN XS0076397248 and Common Code 7639724, and continues to own those notes.

31. As set forth above, the Republic has failed to make payments of interest on the GAOF Lira Notes since 2001 and has never made payments of principal on the GAOF Lira Notes.

32.	As set forth above, there has been an Event of Default on the GAOF Lira Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

33.	As set forth above, by letter dated February 21, 2008, GAOF notified the Trustee that it was declaring the principal and interest on the GAOF Lira Notes to be due and payable immediately.

34.	By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT FOUR
### Default On The GEMF Lira Notes

35.	Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-16 as if set forth here at length.

36.	As set forth above, GEMF acquired notes (the "GEMF Lira Notes") with the principal amount of ITL22,850,000,000, identified by ISIN XS0076397248 and Common Code 7639724, and continues to own those notes.

37.	As set forth above, the Republic has failed to make payments of interest on the GEMF Lira Notes since 2001 and has never made payments of principal on the GEMF Lira Notes.

38.	As set forth above, there has been an Event of Default on the GEMF Lira Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

39.	As set forth above, by letter dated February 21, 2008, GEMF notified the Trustee that it was declaring the principal and interest on the GEMF Lira Notes to be due and payable immediately.

40.	By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

60225954_1.DOC

WHEREFORE, Plaintiffs demand judgment as follows:

i. On Count One, awarding GAOF damages against the Republic in an amount to be determined, plus interest;

ii. On Count Two, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

iii. On Count Three, awarding GAOF damages against the Republic in an amount to be determined, plus interest;

iv. On Count Fourt, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

v. Awarding Plaintiffs costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
February 21, 2008

HUGHES HUBBARD & REED LLP

By: /s/ Russell W. Jacobs
Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*